[Cite as *State v. Lemmings*, 2016-Ohio-7414.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-10 |
| | : | |
| v. | : | T.C. NO. 15CR346 |
| | : | |
| CARL LEMMINGS | : | (Criminal appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___21st___ day of _____October_____, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JULIA B. PEPPO, Atty. Reg. No. 0037172, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, P.J.

{¶ 1} Defendant-appellant Carl Lemmings appeals his conviction and sentence for one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Lemmings' appointed counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and now seeks leave to withdraw as counsel.

## FACTS and PROCEDURAL HISTORY

{¶ 2} On July 13, 2015, Lemmings was indicted for one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. After he was arrested on July 22, 2015, Lemmings posted bail and was released on the same day. The State filed a response to a motion for a Bill of Particulars on July 30, 2015, which set forth the basis for Lemmings' indictment as follows:

As a continuous course of conduct from on or about April 2, 2015 to on or about April 17, 2015, the defendant, Carl Lemmings, used Linda Adamson's credit/debit card to make six money transfers with Western Union without her permission. The total that the defendant received from the money transfers was $424.00.

{¶ 3} On October 26, 2015, Lemmings pled guilty to the charged offense. In return for Lemmings' guilty plea, the State agreed to remain silent at disposition. The parties also agreed that Lemmings would be responsible for restitution to Linda Adamson in the amount of $424.00. After accepting Lemmings' guilty pleas, the trial court referred the matter for a presentence investigation report ("PSI"). The trial court scheduled Lemmings' disposition for November 17, 2015.

{¶ 4} Lemmings failed to appear at his scheduled disposition on November 17, 2015, and the trial court issued a capias for his arrest. Lemmings was arrested on December 21, 2015, and held in jail until his sentencing hearing scheduled for January 8, 2016. The trial court sentenced Lemmings to twelve months in prison and ordered him to pay restitution to Linda Adamson in the amount of $424.00.

{¶ 5} Based on the belief that no prejudicial error occurred below and that any

grounds for appeal would be frivolous, Lemmings' appellate counsel filed a motion to withdraw pursuant to *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

## *ANDERS* STANDARD

{¶ 6} *Anders* outlines the procedure counsel must follow to withdraw as counsel due to the lack of any meritorious grounds for appeal. In *Anders,* the United States Supreme Court held that if appointed counsel, after a conscientious examination of the case, determines the appeal to be wholly frivolous, he or she should advise the court of that fact and request permission to withdraw. *Anders* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Further, counsel must also furnish the client with a copy of the brief, and allow the client sufficient time to file his or her own brief, pro se. *Id.*

{¶ 7} Once the appellant's counsel satisfies these requirements, this court must fully examine the proceedings below to determine if any arguably meritorious issues exist. *Id.* If we determine that the appeal is wholly frivolous, we may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or we may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 8} In this case, appointed counsel fully complied with the requirements of *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Lemmings has failed to file a pro se brief.

{¶ 9} Lemmings' appointed counsel states in her *Anders* brief that she extensively reviewed the record, including the transcript of the proceedings and the PSI, and concluded that she could not make any meritorious arguments on Lemmings' behalf. We also note that appointed counsel did not present any potentially meritorious assignments

of error for our consideration.

## CONCLUSION

{¶ 10} Pursuant to our responsibilities under *Anders,* we have conducted an independent review of the entire record, including the pre-sentence investigation report. Having done so, we agree with the assessment of appointed counsel that there are no arguably meritorious issues to present on appeal.

{¶ 11} Therefore, no potential assignments of error with arguable merit having been found, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Julia B. Peppo
Carl Lemmings
Hon. Richard J. O'Neill